UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

        Plaintiff,                              CASE NO.:  8:17-CR-00605-EAK-AEP

v.

JUAN RUIZ-REYES,

        Defendant.

_____/

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Defendant, Juan Ruiz-Reyes, by and through undersigned counsel, and pursuant to the Federal Rules of Criminal Procedure, files this Sentencing Memorandum setting forth factors the Court should consider in determining Mr. Ruiz-Reyes's sentence.  For the reasons set forth below, we request that the Court impose a sentence of 144 months.

## PROPOSED GUIDELINE CALCULATION

For the reasons detailed below, Defendant proposes that the Court adopt the following guideline calculation:

| | |
|---|---|
| **Base Offense Level** | 38 |
| **Adjustment for Role** | -2 |
| **Acceptance of Responsibility** | -3 |
| **Criminal History Category** | III |
| **Total Offense Level** | 33 |
| **Guidelines Range** | 168-210 months |
| **Minimum Mandatory** | 120 months |

I.       **THE APPLICABLE SENTENCING STANDARD**

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps. The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id.* In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is reasonable." *Id.* at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id.* at 597.

In this case, the minimum mandatory sentence of 120-months imprisonment is consistent with the goals of sentencing and will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the conduct. 18 U.S.C. § 3553(a)(2)(A).

## II.   SENTENCING GUIDELINE APPLICATION

### A.   Base Offense Level

Mr. Ruiz-Reyes pled to an offense involving 1,453 kilograms of cocaine.  Under U.S.S.C. § 2D1.1(c)(3), that weight carries a base offense level of 38.

### B.   Role Adjustment

Mr. Ruiz-Reyes should receive a downward role adjustment of at least two levels for his minor involvement in the alleged conspiracy.

Under U.S.S.G. § 3B1.2(b), "If the defendant was a minor participant in any criminal activity," his guidelines range is decreased by two levels.  The commentary to this guideline explains that the determination of a mitigating role "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case."  In determining whether to this guideline, the Court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and

3

discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity. For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The commentary states "For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."

Here, Mr. Ruiz-Reyes was, at best, a courier. There is no evidence that Mr. Ruiz-Reyes knew anything about the size and scope of the conspiracy. Further, there is no evidence that Mr. Ruiz-Reyes participated in the planning of the venture or had any decision-making authority with respect to any aspect of the conspiracy. It appears that Mr. Ruiz-Reyes's role was limited to simply being a mule to move drugs, at best.

Mr. Ruiz-Reyes's role is best defined by the  things that he <u>did not do:</u>

- Mr. Ruiz-Reyes did not understand the scope of the entire conspiracy.

- Mr. Ruiz-Reyes did not receive any additional pay connected to the conspiracy.

- Mr. Ruiz-Reyes did not have authority to change the packaging or dispose of the narcotics and never claimed ownership of the narcotics.

- Mr. Ruiz-Reyes did not organize the shipments of cocaine, but merely assisted in transportation.

- Mr. Ruiz-Reyes was merely being paid to perform certain tasks.

Review of the facts of the present case reveal that Mr. Ruiz-Reyes had no decision making authority, was merely a courier, did not recruit accomplices, profited no more than any other co-conspirator, did not plan the offense, and did not exercise control over others.  Mr. Ruiz-Reyes was simply "paid to perform certain tasks."  Therefore, Mr. Ruiz-Reyes's activities should receive a mitigating role adjustment.

**C.** **Acceptance of Responsibility**

Mr. Ruiz-Reyes pled guilty and has expressed that he is remorseful for the offense.  Doc. 129, p. 7. Mr. Ruiz-Reyes should receive the full 3-level reduction for acceptance of responsibility.  Thus, Mr. Ruiz-Reyes' total offense level should be, at most, 33.

**III.** **SENTENCING FACTORS UNDER 18 U.S.C. § 3553**

After determining an advisory guideline range, the Court should then consider the factors listed in 18 U.S.C. § 3553(a). Among those factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide for just punishment; (3) the need for deterrence; (4) the kinds of sentences available; and (5) the need to avoid unwanted sentencing disparities. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005).

Mr. Ruiz-Reyes is a 56-year old Columbian native with no education.  Mr. Ruiz-Reyes cannot read or write in Spanish.  Mr. Ruiz-Reyes grew up very poor in Columbia in a one-room mud/straw hut with no water or electricity.   The family shared a hole in the ground outside as a bathroom.

The smuggling operation undertaken by Mr. Ruiz-Reyes was not a complicated endeavor. His role was even less complicated. As a mariner he never had any responsibilities directly related to the cocaine and therefore should be considered for reduced sentence.

Further, since his arrest Mr. Ruiz-Reyes has cooperated with law enforcement officials, including several meetings with agents.  Mr. Ruiz-Reyes's cooperation will be discussed in greater detail at the sentencing hearing.

A sentence of 12 years will promote respect for the law, fairly punish a minor participant in the conspiracy whose only role was transportation, and deter future misconduct.  Based on the factors under 18 U.S.C. § 3553(a), Mr. Ruiz-Reyes respectfully requests that the Court impose a sentence of 144 months based on the mandatory sentence that is "sufficient, but not greater than necessary."  18 U.S.C. § 3553(a).

## CONCLUSION

For all the above reasons, Mr. Ruiz-Reyes respectfully requests that the Court sentence him to 144 months in prison, waive any fine, and impose a supervised release term corresponding to the minimum allowed by law.

Dated:  October 24, 2018                         Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG, PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:   (813) 336-0832

/s/ Gus M. Centrone

**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2018, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ Gus M. Centrone

_____

Attorney